United States District Court
Southern District of Texas
ENTERED
February 16, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARVINELL HARLAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-21-3719 |
| | § | |
| TEXAS WORKFORCE COMMISSION, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants Texas Workforce Commission ("TWC"), Appeal Tribunal Hearing Officer J. Koehn ("Koehn"), Hearing Officer J. Lawrence ("Lawrence"), Commissioner Hope Andrade ("Andrade"), Commissioner Andrew Alcantar's ("Alcantar") (collectively, the "Defendants") motion to dismiss for lack of subject-matter jurisdiction. Dkt. 8. After reviewing the motion, response, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

## I. BACKGROUND

This case arises from TWC's termination of plaintiff Marvinell Harlan's ("Harlan") unemployment benefits. Dkt. 1 at 3. After twenty years of service, Harlan lost her job as a math teacher at North Forest ISD when the state closed the school district on June 30, 2013. *Id.* Subsequently, Harlan began to receive unemployment benefits. *Id.* After receiving less than $2,000 worth of unemployment benefits, TWC allegedly terminated her benefits without a hearing. *Id.* Harlan alleges that TWC intentionally listed her employer as Houston ISD, where she had been a substitute for three months at Energized for STEM Academy, rather than North Forest ISD, to deny her benefits. *Id.*

Proceeding pro se, Harlan pursued judicial review of TWC's decision in the 190th District Court for Harris County, Texas. *Id.* at 4, 12. The 190th District Court dismissed Harlan's claim on October 3, 2016. *Id.* at 25. Harlan alleges that the 190th District Court violated her right to due process by refusing to docket multiple filings. *Id.* at 4–6. Harlan appealed the dismissal to the First Court of Appeals in Houston, which dismissed the case on August 7, 2018. *Id.* at 25. The First Court of Appeals denied a subsequent request for rehearing on December 20, 2018. *Id.* at 26. After that, Harlan attempted to engage in extensive motion practice to revive her case. *Id.* at 26–28. Ultimately, the state-court litigation ended on August 30, 2021, when the Supreme Court of Texas denied her petition for review. *Id.* at 26–29. Harlan then filed the instant lawsuit, again proceeding pro se, on November 12, 2021. *Id.* at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are ones of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)). A federal court's decision to hear a case that is beyond its subject-matter jurisdiction is not a "mere technical violation," but rather "an unconstitutional usurpation" of power. 5C Wright and Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2004). Because it "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception," subject-matter jurisdiction is a "threshold" matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003 (1998) (internal quotations omitted).

## III. ANALYSIS

In the instant motion, the Defendants make three arguments for lack of subject-matter jurisdiction: (1) Harlan's claims do not satisfy either diversity or federal-question jurisdiction; (2) Harlan's claims are barred by the Eleventh Amendment; and (3) Harlan's claims are barred by the *Rooker-Feldman* doctrine. Dkt. 8 at 3–6. The court will address each in turn.

### A. Federal-Question Jurisdiction

A district court has federal-question jurisdiction when a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Defendants argue that the only cognizable cause of action in Harlan's complaint is under Tex. Lab. Code § 212.201 *et seq.*, and therefore does not invoke federal-question jurisdiction. Dkt. 8 at 5. Harlan is a pro se litigant, and the court will construe her pleadings liberally. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The court construes Harlan's complaint as asserting claims under 42 U.S.C. § 1983 for violating the Fourteenth Amendment. *See* Dkt. 1. Constitutional claims under § 1983 properly invoke federal-question jurisdiction. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015). Therefore, the court has federal-question jurisdiction over Harlan's claims.

### B. Eleventh Amendment Immunity

The Eleventh Amendment "bars suits in federal courts by citizens of a state against their own state or a state agency or department." *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). A plaintiff cannot avoid sovereign immunity by suing a state agency or similar arm of a state rather than the state itself. *Richardson*, 118 F.3d at 452. The Fifth Circuit has "held that, '[the] TWC is a state agency and therefore all claims brought against it are barred by the Eleventh

Amendment.'" *City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019) (quoting *Salinas v. Tex. Workforce Comm'n*, 573 F.App'x 370, 372 (5th Cir. 2014) (per curiam)). Therefore, the Defendants' motion to dismiss is GRANTED regarding all claims against the TWC.

Under the *Ex parte Young* exception, the Eleventh Amendment does not bar claims against state officials sued in their official capacities for injunctive or declaratory relief. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The *Ex parte Young* exception requires a plaintiff to "seek prospective relief" and is inapplicable in a suit for damages. *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). Harlan has sued four state officials—Koehn, Lawrence, Andrade, and Alcantar—in their official capacities. Dkt. 1 at 3. Harlan's complaint does seek damages. *See id.* at 21. However, the court construes Harlan's complaint as also seeking an injunction requiring the Defendants to provide her due process owed regarding her unemployment benefits. *See id.* Therefore, the Defendants' motion to dismiss is GRANTED regarding all claims for damages against Koehn, Lawrence, Andrade, and Alcantar, but not for the § 1983 claim seeking an injunction.

### C. The *Rooker-Feldman* Doctrine

The United States Supreme Court "is vested, under 28 U.S.C. § 1257, with jurisdiction over appeals from final state-court judgments" and under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198 (2006). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" *Liedtke v. State Bar of Tex.*, 18 F.3d

315, 317 (5th Cir. 1994) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir.1980)). A plaintiff's proper recourse for challenging a state district court's decision is to appeal to "the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court." *Id.* at 318.

Harlan has extensively litigated her claim in Texas state courts without success. *See* Dkt. 1 at 25–29. At its core, Harlan's complaint requests that the court review those state-court proceedings. *See* Dkt. 1. The court lacks jurisdiction to hear such a claim under the *Rooker-Feldman* doctrine. *See Liedtke*, 18 F.3d at 317. If the state courts acted unconstitutionally, Harlan's only remaining recourse is to appeal to the United States Supreme Court on application for a writ of certiorari. *See id.* at 318. Therefore, the Defendants' motion to dismiss is GRANTED for all remaining claims.

## IV. Conclusion

The court lacks subject-matter jurisdiction because Harlan's claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. Therefore, Defendants' motion to dismiss for lack of subject-matter jurisdiction is GRANTED, and all claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on February 16, 2022.

Gray H. Miller
Senior United States District Judge